IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 16-cv-03200-MSK-KMT

**RUSSELL M. BOLES,**

  Plaintiff,

v.

**P.A. ALLEN;;
ANGIE, RN; and
NURSE ALLA,**

  Defendants.

---

**OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion for Summary Judgment **(# 46)**, Mr. Boles' response **(# 53)**, and the Defendants' reply **(# 56)**. Also pending are several motions by Mr. Boles **(# 44, 57, 61)** that the Court understands simply seek to move the case along and which seek no substantive relief.

## FACTS

Mr. Boles is an inmate in the custody of the Colorado Department of Corrections ("CDOC"). As narrowed by Senior Judge Babcock's May 16, 2017 Order **(# 22)**, Mr. Boles' *pro se*[1] Amended Complaint **(# 21)** alleges a claim under 42 U.S.C. § 1983, in that the Defendants violated his 8th Amendment rights to be free from deliberate indifference to his medical needs. He alleges that Defendants Angela Kistler (Defendant "Angie, RN") and Alla Shkolnik (Defendant "Nurse Alla') confiscated "all of [his] oxygen supplies including his pulsating

---

[1]  Pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972), the Court construes Mr. Boles' *pro se* filings liberally.

oxygen regulator . . . along with [a] wheelchair." That deprivation caused Mr. Boles to be "completely non-functional for several days," until another nurse provided him with another oxygen concentrator and a walker. Later, when a prescription Mr. Boles had for Naproxen was on the verge of expiring, he asked Ms. Shkolnik to renew it. She replied that he would have to buy Naproxen from the Canteen instead, but the Canteen does not carry the particular medicine Mr. Boles requires. He alleges that taking the medicine available in the Canteen causes him to vomit and experience blood in his stool.

The Defendants move **(# 46)** for summary judgment, arguing that Mr. Boles failed to exhaust his administrative remedies as required by 42 U.S.C. §1997e(a). They also contend that Mr. Boles' claims for declaratory and injunctive relief are not moot, as he has been transferred to another CDOC facility and is no longer at the facility where they work.

## ANALYSIS

### A. Standard of review

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter

for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

### B. Exhaustion

The Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that inmates seeking to bring civil claims first exhaust any administrative remedies available to them. Exhaustion is required even if the relief the inmate seeks – *e.g.* money damages – might not be recoverable under the administrative scheme. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). However, an inmate is not required to exhaust remedies that are not "available" to them for various reasons, such as where prison officials prevent the inmate from taking the required steps. *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016). Failure to exhaust is an affirmative defense on which the Defendants bear the burden of proof. *Jones v. Bock*, 549 U.S. 199, 212 (2007).

The Defendants have established that CDOC has a four-step grievance procedure: the inmate first attempts an informal resolution with the staff. If that is unsuccessful, within 30 days of the incident, the inmate must file a formal grievance, and if that grievance is denied, the inmate has 5 days to appeal that grievance to a "Step 2," and, ultimately, to a "Step 3," after which the grievance is deemed exhausted. Mr. Boles does not dispute the existence of this system.

The Defendants have come forward with evidence that Mr. Boles filed a single formal grievance on January 4, 2016. That grievance alleged that the Defendants "were involved in stopping both my treatment and medication which controls inflammation in the brain. The result is repeated hypoxia causing swelling and dying flesh in lower extremities." Mr. Boles requested as a remedy that they "reinstate all treatment and medication immediately and have the [Defendants] jailed and fired." The record appears to indicate that the grievance was responded to initially by Nicole Wilson on February 5, 2017, informing Mr. Boles that "You were recently seen by a provider on January 20. Currently, you only have one medication that you take, Naproxen 500 mg twice a day as needed . . . Your property list indicates that you have an O2 concentrator as of 1/26/17. . . . It is suggested that you put in a kite to your provider and talk to him or her about any other physical concerns." It appears that Mr. Boles received this response on March 3, 2017. His signature appears below a paragraph reading "If you are dissatisfied with the response to this grievance, you may obtain further review by submitting the next step to the appropriate individual." The Defendants assert that Mr. Boles never appealed this grievance to Step 2 or Step 3, and never filed any other grievances concerning his medical treatment.

Mr. Boles' response contends that the CDOC grievance procedure was not "available" to him after his initial grievance. He contends that, by the time he received the response to his

grievance, he had been transferred to a different facility and that the grievance procedure "is not clear on how to file a grievance pertaining to a previous facility." Mr. Boles states that he mailed his Step 2 appeal to the Medical Administrator, Gloria Barkley, as a potential "defendant" at his previous facility, and then did so again, sending a Step 3 grievance 30 days later to the same person.

In reply, the Defendants note that the CDOC grievance procedure avoids confusion over where to send grievances by requiring the inmate to file them with "their case manager . . . or other DOC employees designated by the administrative head." They note that nothing in the CDOC procedure allows grievances to be mailed directly to individuals like Ms. Barkley.

The required exhaustion of an administrative remedy requires the inmate to <u>properly</u> complete the grievance process and the Court may not avoid the application of the PLRA's exhaustion requirement via a finding of "substantial[ ] compli[ance]." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). So long as the prison administration has reasonably interpreted its grievance program, the inmate is required to follow it. *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010). Here, it is clear that the CODC administrative remedy program calls for an inmate to deliver formal grievances, and Step 2 and 3 appeals, to the inmate's case manager, who, in turn, forwards them to a grievance coordinator. Nothing in the program invites or permits the inmate to mail grievances or appeals directly to a staff member other than the inmate's case manager or other official designee. *Compare Williams v. Wilkinson*, 659 Fed.Appx. 512, 520-21 (10th Cir. 2016) (vagueness in grievance procedure's requirement that grievance be sent to "appropriate staff" allowed inmate to exhaust by sending grievance directly to Warden). It is undisputed that Mr. Boles did not deliver his Step 2 and 3 appeals to his case manager, and thus, the Court is compelled to conclude that he failed to comply with the terms of

and complete the CDOC administrative remedy program.[2] Regardless of Mr. Boles' intentions, his failure to complete the administrative remedy program according to its terms renders his claims in this action unexhausted and subject to dismissal.

Accordingly, the Defendants' Motion for Summary Judgment is granted.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion for Summary Judgment **(# 46)** is **GRANTED**. The Clerk of the Court shall enter final judgment in favor of the Defendants and against Mr. Boles. Mr. Boles' various motions **(# 44, 57, 61)** are **DENIED AS MOOT**. Upon entry of judgment, the Clerk of the Court shall close this case.

Dated this 1st day of August, 2018.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge

---

[2] The failure to Mr. Boles to direct his Step 2 and 3 appeals to the appropriate recipient renders moot any argument Mr. Boles makes about the timeliness of CDOC's response to his initial grievance. Even if his appeals were timely, they were not sent to the proper recipient.